UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

KIMBERLY E. KING,

      **Plaintiff,**

    v.          Case No. 24-CV-1207

MARISABEL CABRERA.

      **Defendant.**

─────────────────────────────────────────────

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE AND RECOMMENDATION THAT THE ACTION BE DISMISSED

─────────────────────────────────────────────

  Currently pending before the court is Kimberly E. King's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed King's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, King's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

  Because the court is granting King's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due

to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis, it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in King's complaint. King seeks to sue Marisabel Cabrera, the Milwaukee County Circuit Court judge presiding in King's pending criminal case. King seeks damages because Judge Cabrera allegedly violated the constitution in various actions she took in King's pending criminal case, including denying King's motion to dismiss her attorney and represent herself. *See* Milwaukee Cnty Cir. Ct. Case No. 2022CM000126, available at https://wcca.wicourts.gov/.

Judges are absolutely immune from suit for their judicial actions. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing *Stump v. Sparkman,* 435 U.S. 349, 356-357 (1978)). "The doctrine of judicial immunity has been embraced 'for centuries.' It confers complete immunity from suit, not just a mere defense to liability, and 'is applicable in suits under section 1983 ….'" *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (quoting *Lowe v. Letsinger*, 772 F.2d

308, 311 (7th Cir. 1985); *Dellenbach v. Letsinger,* 889 F.2d 755, 758 (7th Cir. 1989)). A judge is entitled to absolute immunity even if her judicial action was wrong, beyond her authority, or even malicious. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing *Stump,* 435 U.S. at 356-357).

King's claim clearly relates to judicial actions for which Judge Cabrera is absolutely immune. Because Judge Cabrera is absolutely immune from suit, the court will recommend that King's complaint be dismissed. *See* 28 U.S.C. § 1915(e)(2). Ordinarily, the court will afford a pro se plaintiff at least one opportunity to attempt to remedy a defect in a complaint through an amended complaint. However, the court need not do so when the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome Judge Cabrera's absolute judicial immunity, the court will recommend that this action be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that the complaint and this action be **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation

herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 24th day of September, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

6

Case 2:24-cv-01207-JPS   Filed 09/24/24   Page 6 of 6   Document 4