# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY E. KING,

          Plaintiff,

v.

MARISABEL CABRERA,

          Defendant.

Case No. 24-CV-1207-JPS

**ORDER**

On September 23, 2024, Plaintiff Kimberly E. King ("Plaintiff") filed a pro se complaint, alleging constitutional violations by Milwaukee County Circuit Court Judge Marisabel Cabrera ("Defendant"), the judge presiding over Plaintiff's criminal case. ECF No. 1. Plaintiff also filed a motion for leave to proceed without paying the filing fee. ECF No. 2. The case was randomly assigned to Magistrate Judge William E. Duffin, who granted Plaintiff's motion to proceed without paying the filing fee, ECF No. 4, and recommended, in a Report and Recommendation (the "R&R"), dismissal of the action for failure to state a claim. ECF No. 5. On September 30, 2024, Plaintiff filed objections to the R&R. ECF No. 6. For the reasons set forth herein, the Court will overrule Plaintiff's objections, adopt Magistrate Judge Duffin's R&R, and dismiss this action with prejudice.

1. **LEGAL STANDARD**

"When reviewing a magistrate's recommendation, the Court is obliged to analyze *de novo* 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Wicks*, No. 20-CR-143-JPS, 2021 WL 4786307, at *1 (E.D. Wis.

Oct. 13, 2021) (quoting 28 U.S.C. § 636(b)(1)(C)). The Seventh Circuit has explained that

> [d]e novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 683 n.11 (1980)). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Id.* "That said, '[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it.'" *Farmer v. DirectSat USA*, No. 08-CV-3962, 2015 WL 13310280, at *2 (N.D. Ill. Sept. 24, 2015) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)).

2. **BACKGROUND**

Plaintiff's complaint relates to criminal proceedings against her in Milwaukee County Circuit Court. Plaintiff alleges that Defendant violated her constitutional rights by ordering Plaintiff's attorney in the criminal proceedings to continue representing her despite Plaintiff's statements that she intended to represent herself. ECF No. 1 at 1. She further alleges that Defendant violated her constitutional rights by failing to subpoena several witnesses. *Id.* In arguing that her constitutional rights were violated, she cites various statutes, including 42 U.S.C. § 1983, 18 U.S.C. § 1918, and 18

U.S.C. § 242. *Id.* Plaintiff seeks monetary and equitable relief, including "punitive damages," mandated "anger management" training for Defendant, a public apology, and for Defendant to pay "all court fees." *Id.* at 2. She does not request relief related to Defendant's judicial rulings. *See generally id.*

Magistrate Judge Duffin recommended that the action be dismissed with prejudice for failure to state a claim. ECF No. 5. Specifically, he determined that Plaintiff's allegations relate solely to Defendant's actions taken in her official capacity as a judge presiding over Plaintiff's criminal case. *Id.* at 4–5. In her objections to the R&R, Plaintiff argues that the R&R "fails to address the substantive constitutional violations committed by the Defendant." ECF No. 6 at 1. Plaintiff recognizes that judges are entitled to judicial immunity when acting "within [their] judicial capacity and jurisdiction," but argues that this action is different because it concerns constitutional violations. *Id.* at 2–3 (citing *John v. Barron*, 897 F.2d 1387 (7th Cir. 1990) and *United States v. Price*, 383 U.S. 787 (1966)).

3. **ANALYSIS**

Magistrate Judge Duffin granted Plaintiff's motion to proceed without paying the filing fee, which means the Court must determine whether the complaint is legally sufficient. 28 U.S.C. § 1915. A claim cannot proceed if it is legally frivolous, meaning that it "lacks an arguable basis in either law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d, 476 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need

not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal modifications omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even given the Court's mandate to liberally construe the complaint, it must be dismissed because its allegations focus solely on Defendant's actions taken within her judicial capacity and jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) and *John*, 897 F.2d at 1391). A judge cannot be deprived of this immunity, even if her actions were "in error, [were] done maliciously, or [were] in excess of h[er] authority." *Stump v. Sparkman*, 435 U.S. 349, 350 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Moreover, "[d]isagreement with the action taken by a judge does not justify depriving h[er] of h[er] immunity . . . ." *Id.* "In the end, any errors made by a judge . . . must be addressed through the appellate process." *Lewis v. Ludwig*, No. 24-CV-1013-PP, 2024 WL 3887660 (E.D. Wis. Aug. 21, 2024) (citing *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005)).

"[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether

they dealt with the judge in h[er] judicial capacity." *Stump*, 435 U.S. at 362. As applied here, these factors clearly require a finding that the actions Plaintiff complains of were taken within Defendant's judicial capacity and jurisdiction—the ruling denying Plaintiff's motion to represent herself in her criminal trial and any decisions made about subpoenaing witnesses were made in exercise of Defendant's judicial authority in presiding over Plaintiff's Milwaukee County Circuit Court criminal case.

Because Defendant is immune from suit for the actions Plaintiff complains of in this action, the complaint must be dismissed. Plaintiff's objections do not change this result. In challenging Magistrate Judge Duffin's recommendation to dismiss this action, Plaintiff argues that "willful deprivation of constitutional rights is a serious offense" and "if a judge knowingly and intentionally violates a natural person['s] rights, [that judge's] actions are not protected by judicial immunity." ECF No. 6 at 2. That is incorrect. Judges are immune from suit even when their actions allegedly deprived a plaintiff of her constitutional rights. *See generally Johnson v. Thompson-Smith*, 700 F. App'x. 535, 536–538 (affirming district court's holding that the defendant judge had judicial immunity for actions taken in his official capacity, even though the plaintiff alleged that his actions violated the plaintiff's constitutional rights).

The cases Plaintiff cites are consistent with this. In *John v. Barron*, the Seventh Circuit held that the defendant state judge was immune from suit. 897 F.2d at 1391–92. While Plaintiff claims that *Barron* is different from her action because the defendant did not violate the constitution, ECF No. 6 at 2–3, the plaintiff in *Barron* <u>did</u> allege constitutional violations, just as Plaintiff does here. 897 F.2d at 1391 ("The issue . . . is whether the doctrine of judicial immunity shields a state court judge from liability for damages

for alleged deprivation of [the plaintiff's] constitutional rights to a fair trial as guaranteed by the due process clause of the Fourteenth Amendment."). *United States v. Price* does not discuss judicial immunity, nor were any of the defendants judges, and the case was criminal, not a civil action brought by a private citizen. *See generally* 383 U.S. 787. The Supreme Court's reasoning in *Price* does not apply to this action.

While normally the Court grants a self-represented party leave to attempt to amend her complaint to cure the deficiencies identified, it need not grant leave when "any amendment would be futile or otherwise unwarranted . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Because the complaint's allegations relate solely to Defendant's actions clearly within her judicial authority and jurisdiction, and because Plaintiff could not fix this issue through amendment, the Court finds that any additional amendment in this case would be futile and will therefore dismiss the case with prejudice.

### 4. CONCLUSION

For all the reasons discussed herein, the Court will adopt Magistrate Duffin's R&R, overrule Plaintiff's objections thereto, and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff Kimberly E. King's objections to Magistrate Judge William E. Duffin's report and

recommendation, ECF No. 6, be and the same are hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.