# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY E. KING,

                     Plaintiff,

v.                                       Case No. 24-CV-1207-JPS

MARISABEL CABRERA,              **ORDER**

                     Defendant.

       In her complaint, Plaintiff Kimberly King ("Plaintiff") alleged that Defendant Marisabel Cabrera ("Defendant") violated her constitutional rights, seeking equitable and monetary relief. ECF No. 1 at 2. On October 21, 2024, the Court adopted Magistrate Judge William E. Duffin's Report and Recommendation (the "R&R"), ECF No. 5, and dismissed this action with prejudice. ECF No. 7. On October 31, 2024, Plaintiff filed a motion to reconsider.[1] ECF No. 9. Plaintiff listed the following as grounds for reconsideration: "manifest injustice," "evidence," "case number discrepancy," "denial of right to self-representation," and "ignoring witness list." *Id.* at 1–3.

       After considering all of Plaintiff's purported grounds for reconsideration, the Court's decision dismissing this case does not change.

---

[1] On November 5, 2024—just five days after filing her motion to reconsider—Plaintiff filed a notice of appeal as to the Court's October 21, 2024 Order. ECF No. 10. The Court maintains jurisdiction over Plaintiff's motion for reconsideration because the "timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." *Saban v. Dept. of Lab.*, 509 F.3d 376, 379 (7th Cir. 2007) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 392 (1995)).

The Court construed Plaintiff's complaint liberally, as it must in the case of a pro se litigant. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (collecting cases). But even the most generous reading of Plaintiff's complaint leads to a finding that it cannot proceed, "because its allegations focus solely on Defendant's actions taken within her judicial capacity and jurisdiction," and "[a] judge has absolute immunity for any judicial actions." ECF No. 7 at 4 (citing 28 U.S.C. § 1915(e)(2(B)(iii); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); and *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990)). In moving for reconsideration, Plaintiff largely ignores judicial immunity. Rather than address *judicial* immunity, she makes just one argument related to *qualified* immunity. ECF No. 9 at 2 ("Under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), government officials are entitled to *qualified immunity* unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." (emphasis added)). Unlike other government officials, judges' immunity is not qualified, it is "absolute." *See John*, 897 F.2d at 1391 ("[A] judge is *absolutely* immune for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors." (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)) (emphasis added)).

The grounds for reconsideration that Plaintiff lists largely focus on the same underlying harms she alleged in her complaint[2] and do nothing to

---

[2]Plaintiff also claims that she has grounds for reconsideration because "[t]he case number [for this case] was initially assigned as '24-C-1207' then '2:24-cv-01207-jps' and later changed to '24-cv-1207-jps'" which she claims "led to administrative errors reflecting the case's management and affecting its outcome." ECF No. 9 at 2. Plaintiff does not state any errors, and she does not expound on how any alleged errors affected the case's outcome, nor could she. The case numbers she notes are merely various forms of the same case designation; it is normal and it in no way affected the administration of her case.

change the result here because Defendant is absolutely immune from the relief that Plaintiff seeks. Because Plaintiff's motion presents no argument that undermines the Court's legal reasoning in its October 21, 2024 Order, her motion for reconsideration will be denied. *See Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (motions for reconsideration must "demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent" rather than "merely [taking] umbrage with the court's ruling [or] rehash[ing] old arguments").

Accordingly,

**IT IS ORDERED** that the Plaintiff Kimberly King's motion for reconsideration, ECF No. 9, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge